MEMORANDUM *
The parties are familiar with the facts. We proceed to the law.
Joshua A. (“Student”) argues that Rock-lin Unified School District (“District”) failed to provide him with a Free and Appropriate Public Education (“FAPE”) for the 2006-2007 school year.
To be eligible for federal education funding, the IDEA requires a state to have policies and procedures in place to ensure that “[a] free appropriate public education is available to all children with disabilities residing in the State.” 20 U.S.C. § 1412(a)(1)(A). The IDEA does not require that the state adhere to any particular educational approach. See Adams v. Oregon, 195 F.3d 1141, 1145 (9th Cir.1999). Rather, the Act requires that the state’s program provide specialized instruction “supported by such services as are necessary to permit the child ‘to benefit’ from the instruction.” Bd. of Educ. v. Rowley, 458 U.S. 176, 206-07, 188-89, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).
The district court did not abuse its discretion by giving due weight to the detailed 22-page, single-spaced opinion by the ALJ. See Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 888, 892 (9th Cir.1995). The ALJ found that District’s IEP was valid under the IDEA because it was effectively tailored to Student’s unique needs, was supervised and administered by qualified personnel, and implemented a program based on accepted principles in the field of autism education. OAH Decision, ER 18-23; ER 26-28; ER 37-38. These findings are consistent with the opinions of several of the experts on record who observed Student in the classroom environment, and who testified that District’s program conformed with best practices in the field and was effectively used to educate autistic children with similar conditions. See, e.g., Testimony of Berna Segel, Admin. R. 3/5/06 at 192-97, 232-33; ER 20-22; 26-28.
Student argues that District violated the procedural requirements of the IDEA by, among other things, failing to incorporate all of the goals suggested by Student’s private provider and failing to include one of Student’s private school teachers in the IEP team meetings. We disagree, because none of Student’s alleged procedural violations “result[ed] in the loss of educational opportunity, or seriously infringe[d] the parents’ opportunity to participate in the IEP formulation process, or ... caused a deprivation of educational benefits.” N.B. v. Hellgate Ele *695 mentary Sch. Dist., 541 F.3d 1202, 1208 (9th Cir.2008).
Student also objects to the ALJ’s decision on substantive grounds, arguing that it failed to require that District’s program provide a “meaningful” benefit under the IDEA. See id. at 1212-13.[1] Student cites to Adams, 195 F.3d at 1145, and Deal v. Hamilton County Bd. of Educ., 392 F.3d 840, 861-62 (6th Cir.2004), cert. denied, 546 U.S. 936, 126 S.Ct. 422, 163 L.Ed.2d 321 (2005), in support of a “meaningful” benefit standard. Here, the ALJ’s findings are sufficient to sustain District’s IEP as providing a “meaningful” benefit, because the program was reasonably calculated to provide “some educational benefit” for Student within the limitations that the Student has because of his disability. See Rowley, 458 U.S. at 200-01, 102 S.Ct. 3034; see also, Adams, 195 F.3d 1141 (upholding a similar program as providing a “meaningful” benefit).
Student also argues that District’s program violates the IDEA because it is not based on peer-reviewed research. However, both Adams and Deal (on remand) ultimately found that an eclectic approach similar to the one proposed by District met the IDEA’S substantive requirements. See Adams, 195 F.3d at 1145.[2] This eclectic approach, while not itself peer-reviewed, was based on “peer-reviewed research to the extent practicable.” 20 U.S.C. § 1414(d)(l)(A)(i)(IV). We need not decide whether District made the best decision or a correct decision, only whether its decision satisfied the requirements of the IDEA. In doing so, we “must be careful to avoid imposing [the court’s] view of preferable education methods upon the State.” Rowley, 458 U.S. at 207, 102 S.Ct. 3034. We are therefore convinced that District’s IEP meets the IDEA’S substantive and procedural requirements as they have been applied in this Circuit.
The court is conscious that the parents of Joshua A. want to do everything possible for their son and that they may feel deeply frustrated by the decisions of persons not as familiar as they are with their son’s needs and aptitudes. In the context of public education and public funding such deep personal feelings, deserving as they are of great respect, do not have a decisive role in determining the outcome in a court of law.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Student also argues that the District's program failed to provide him with the “least restrictive environment," but this argument was not made before the district court and is therefore waived. See Hydrick v. Hunter, 500 F.3d 978, 987 n. 6 (9th Cir.2007).

. Other courts have similarly rejected the notion that a school district's proposed IEP is invalid because it provides an eclectic approach. See Pitchford v. Salem-Keizer Sch. Dist. No. 24J, 155 F.Supp.2d 1213, 1230-32 (D.Ore.2001) (holding that the district’s offer of FAPE was appropriate notwithstanding its refusal to offer an ABA approach).